### BATCHELDOR v. NUGENT.

(Common Pleas of New York City and County, Special Term. August, 1893.)

1. SUPPLEMENTARY PROCEEDINGS—AFFIDAVIT.
    Where the affidavit on a motion to set aside an order for the examination of affiant as a judgment debtor in supplementary proceedings states that the judgment debtor is an agent for an insurance company having an office in the city of New York, and that he has desk and chair room in such office, it sufficiently shows that he has a place for the transaction of business in person in the county, within the meaning of Code Civil Proc. § 2458.

2. SAME—DATE OF ISSUING EXECUTION.
    The fact that the moving affidavit wrongly states the date of issuing the execution is not a jurisdictional defect.

Action by Emma E. Batcheldor against Frederick F. Nugent. Plaintiff, having recovered a judgment, obtained an order to examine defendant in supplementary proceedings. Defendant moves to set aside the order on the ground of irregularity. Denied.

Henry Daily, Jr., for the motion.
W. Manning Van Heusen, opposed.

GIEGERICH, J. The only jurisdictional question arising upon this motion relates to the debtor having a place for the regular transaction of business in person within the county at the time

when the order was obtained. The other objections are to formal defects, as claimed. In the affidavit of the judgment debtor, upon which the order to show cause was granted, he states that he has been for the past six weeks, and still is, an agent for an insurance company having an office in the city of New York, and that he has desk and chair room in that office. This is certainly an office for the regular transaction of business, within the meaning of the Code, and the principal contention is that the judgment debtor does not transact the business in person, because he is an agent. This view is not the aspect in which the business relation of principal and agent has been regarded by the courts, with reference to these proceedings. It is held, where the judgment debtor transacts business through an agent, that the agent's place of business is not that of the principal, because of lack of personal identity. Brown v. Gump, 59 How. Pr. 507. The provision relates, not to the personal responsibility for keeping the place of business open, but to the personal attendance of the debtor in the place so kept. In absence of proof that the judgment debtor was continuously away from his admitted place of business by the requirements of his occupation, it is only reasonable to hold that he is within the intent of section 2458 of the Code of Civil Procedure.[1] The case of Belknap v. Hasbrouck, 13 Abb. Pr. 413, note, is not, therefore, applicable. The formal defects alleged are not material. The statement in the affidavit that the judgment debtor has "an office" for the transaction of business in person merely acts as a stronger allegation than the Code demands by designating the nature of the "place." The affidavit has a very complete statement of the deponent's authority, and bears a satisfactory indorsement of the attorney's name. Brown v. Walker, (Sup.) 8 N. Y. Supp. p. 59.

The question of defendant's residence within the county does not arise, as the proceedings are instituted upon the ground of defendant's legal place of business.

The fact that the moving affidavit wrongly states the date of the issuing of the execution does not go to the jurisdiction. The only hardship which the judgment debtor predicates of the irregularity would go to the fact of his residence at the time of such issuance, but this fact is not connected with the question before us, as shown above. This is clearly a proper case for the court to dis-

---

[1] Code Civil Proc. § 2458, is as follows: "In order to entitle a judgment-creditor to maintain either of the special proceedings, authorized by this article, the judgment must have been rendered upon the judgment-debtor's appearance, or personal service of the summons upon him, for a sum not less than twenty-five dollars; and the execution must have been issued out of a court of record; and, either (1) to the sheriff of the county where the judgment-debtor has, at the time of the commencement of the special proceeding, a place for the regular transaction of business in person; or, (2) if the judgment-debtor is then a resident of the state, to the sheriff of the county where he resides; or, (3) if he is not then a resident of the state, to the sheriff of the county where the judgment-roll is filed; unless the execution was issued out of a court, other than that in which the judgment was rendered, and, in that case, to the sheriff of the county where the transcript of the judgment is filed."

regard an immaterial error in the exercise of its inherent powers. Code Civil Proc. § 723. The motion, therefore, should be denied, and the stay vacated, with $10 costs.